IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DUANE SMITH, RACHEL SMITH, and PREMIER ADJUSTMENT GROUP, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> INSURANCE ADJUSTERS GROUP, LLC and WILLIAM COX, <br><br> *Defendants*. | § § § § § § § § § § § § § § Case No. 2:21-cv-00068-JRG-RSP |

## **MEMORANDUM ORDER**

Before the Court is the Plaintiffs' Motion For Sanctions. **Dkt. No. 41**. The motion alleges that Defendant William Cox intentionally altered the date of an email that was produced as evidence of the negotiations between the parties, and then initially lied about it in his deposition. Effective cross-examination caused Cox to admit the lie later in the same deposition. Plaintiffs ask the Court to strike Defendants' answer and enter a default judgment on liability, establishing that the parties were in a partnership. The Court held a hearing on the motion on December 13, 2021. For the reasons set out during that hearing, and those expressed herein, the Court will grant the motion in part, assessing fees against the Defendants, but will not strike the answer and enter a default.

This suit presents a corporate financial dispute between Plaintiffs and Defendants. Plaintiffs allege "breach of fiduciary duty," "breach of loyalty," and "breach of contract." Dkt. No. 2 at 5–6.

1

The First Amended Complaint[1] pleads as follows: Mr. and Mrs. Smith are public adjusters licensed in Texas. *Id.* at 2. In March of 2017, Cox, owner of IAG, took on Mr. Smith as a partner in IAG's business in Oklahoma, Missouri, Kansas, Colorado and other states. *Id.* at 3. The parties formed a partnership as co-owners of a business for profit. *Id.*

The partners later expanded to Texas. *Id.* Cox had a felony conviction from California that prevented his being licensed as a public adjuster in Texas. *Id.* The partners operated their Texas work through the Smiths' company, PAG. *Id.* The proceeds for the partnership between Cox and Mr. Smith, either through IAG or PAG, were to be split on a 50/50 basis and Mrs. Smith and PAG were to be compensated for all of the work she performed on behalf of Cox and IAG. *Id.* at 4.

On February 9, 2021, Mr. Smith confronted Cox about his failure to pay in accordance with their agreement. *Id.* Cox, individually and on behalf of IAG, allegedly repeatedly shorted the Smiths and PAG on the portion of insurance proceeds they were to receive. *Id.* Cox then barred Plaintiffs' access to the company computer system and contacted the various attorneys handling the claims IAG is involved in and advised those attorneys to send funds directly to IAG and ignore any right that the Smiths and/or PAG may have to that money.

This motion relates to a supplemental production of documents that Defendants made on October 18, 2021. In that production was an email from Cox to the Smiths, purportedly sent on January 29, 2020, containing suggestions on how a partnership should be structured. The email was actually prepared on the day it was produced, October 18, 2021. The intent of backdating it was to suggest that the partnership must not have been created at the stated time (January 2020) since the parties were still discussing how to structure it. Cox was deposed on October 21, 2021,

---

[1] Another "First Amended Complaint" was filed on November 2, 2021 (Dkt. No. 39), which adds a claim for assault, arising out of a July 30, 2021 incident in which Cox is alleged to have brandished a handgun at Plaintiffs when their vehicles passed by each other. The assault claim is not the subject of this motion. *See* Dkt. No. 41 at 8.

three days after the forgery. Initially he denied altering the date of the email, but later in the deposition he admitted it.

Plaintiffs appeal to the inherent power of the Court to punish a party who falsifies evidence. *E.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). They rely heavily of the Fifth Circuit's decision in *Brown v. Oil States Skagit Smatco*, 664 F.3d 71 (5th Cir. 2011). In *Brown*, the Court affirmed the dismissal of a plaintiff's lawsuit because of perjury committed during a pretrial deposition. The plaintiff actually was pursuing two lawsuits. In the first suit, which sought damages for a back injury from a car wreck, Brown testified that he was forced to quit his job at Oil States because of the back pain from the wreck. A short time later, in a lawsuit for racial harassment against Oil States, he testified that he quit because of continuous racial harassment and no other reason. Brown argued that the court should only dismiss his constructive discharge count against Oil States and allow him to proceed with the racial harassment count. The district court found that his constructive discharge claim was effectively dead due to his lies, and that only the dismissal of the harassment claim would be a sanction. The district court noted that, since Brown was proceeding as a pauper, and judgment proof, monetary sanctions were not a realistic option.

The Fifth Circuit noted that "dismissal with prejudice 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim.'" *Id*. at 77. It noted the longstanding rule that it should only be used if "lesser sanctions would not serve the best interests of justice." *Id*. "We have required that the district court use 'the least onerous sanction which will address the offensive conduct.'" *Id*. at 78 (quoting *Gonzalez v. Trinity Marine Grp., Inc*. 117 F.3d 894, 899 (5th Cir. 1997). The Court also noted that "a district court's dismissal of an action with prejudice is 'appropriate only if its deterrent value cannot be substantially achieved by use of less drastic

3

sanctions.'" *Id*. (quoting *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).

With these principles in mind, the Court must consider all of the facts of this case. First, the existence of a partnership is strongly contested by Defendants and could have dispositive effect on the litigation.[2] Second, Defendants' counsel represents that Defendants do have the ability to pay the fees incurred by Plaintiffs as a result of Mr. Cox's fraud. Further, the fact that Cox lied in his deposition will become known to the jury if he testifies at trial, which is a serious consequence even if it cannot be called a sanction. Finally, it does matter that Cox admitted his fraud promptly upon its discovery and only three days after it was committed. That fact does not lessen the wrongfulness of the conduct but does mitigate the consequences.

Plaintiffs point out that they have suspicions that Cox altered other emails. Both sides agree that a full forensic audit would cost more than can be justified in this litigation. Defendant proposes an audit limited to those records that Defendants want to use, but that puts the Plaintiff in the position of having to accept Defendants' expert or pay the substantial cost for one of their own. The Court finds that the appropriate and proportional sanction is to bar the Defendants from using as evidence any other emails from the system that Cox forged[3] (the authenticity of which Cox's conduct has cast in doubt) and to require Defendants pay to Plaintiffs within 10 days the attorney's fees that Plaintiffs incurred investigating the forged email, preparing for and taking the deposition of Cox, preparing the motion for sanctions and attending the hearing. Based on the hearing, the Court finds that $20,760.00 is the proper amount of fees. The Court finds that this is the least drastic sanction that will make Plaintiffs whole and deter any future fraudulent behavior.

---

[2] Plaintiffs' counsel stated at the hearing that once a partnership is established, Plaintiffs will elect to terminate the partnership, have a receiver appointed, and liquidate the assets of IAG for distribution between the parties.
[3] The Court will consider allowing exceptions to this sanction if Plaintiffs elect to use emails and Defendants can show that the rule of completeness would support allowing certain others.

Accordingly, the Motion for Sanctions (Dkt. 41) is granted in part as follows:

(1) Defendants are ORDERED to tender to Plaintiffs through their counsel, by not later than December 28, 2021, the sum of $20,760.00.[4], and

(2) Defendants shall not be permitted to offer as evidence in this matter any emails from the email system used for the forged email of October 18, 2021.

**SIGNED this 16th day of December, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[4] If payment is not timely made, the Court will reconsider the request for a default judgment of liability.