IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DUANE SMITH, RACHEL SMITH, and PREMIER ADJUSTMENT GROUP, LLC, § § § § *Plaintiffs*, § § v. § § INSURANCE ADJUSTERS GROUP, § LLC and WILLIAM COX, § § *Defendants*. § | Case No. 2:21-cv-00068-JRG-RSP |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Partial Summary Judgment Regarding the Existence of a Partnership filed by Defendants William Cox and Insurance Adjusters Group, LLC (collectively, "IAG"). Having considered the motion, the Court recommends that the motion be **DENIED** for the following reasons.

A central issue in this case is whether, as Plaintiffs allege, Duane Smith and William Cox orally agreed to form a partnership in 2017 to jointly conduct a public adjusting business for insurance claims in Texas and other states. The Court has bifurcated that issue in order to resolve it first because it will largely dictate the financial discovery that is appropriate as to the remaining claims. This motion is an understandable effort by Defendants to avoid a trial on the partnership issue but it appears that the issue will need to proceed to trial, which has now been set for August 30, 2022.

It is undisputed that the parties began working together on public adjusting in 2017, and that on January 16, 2020 they all signed a handwritten "Letter of Intent" providing that "Our intent is to establish an equal partnership between Bill Cox & Duane Smith for Insurance Adjusters

1

Group, LLC." Dkt. No. 89-1. Both sides offer affidavits and depositions by which Plaintiffs say that the oral agreement established the partnership in 2017 and that the more formal written documents were going to be prepared to confirm it, while Defendant says that they often discussed a partnership but at most had an agreement to agree which was never consummated. Both sides also point to other facts and circumstances that support their contention.

Both sides also agree that the law permits a partnership to be formed by a purely oral agreement and that the caselaw does not require any particular corroborating facts. The Texas Business Organizations Code § 152.052 identifies five non-exclusive factors to be considered. Texas jurisprudence indicates that more than one of the factors must be found in order to establish a partnership. Here, Plaintiff has offered summary judgment evidence that, if credited, could satisfy most of the factors.

The first factor is the "receipt or right to receive a share of profits of the business." Plaintiff has evidence of a right to receive half of the gross revenues of the venture. Defendants say that gross revenues are different than profits, but the Court does not find that a persuasive distinction in the context of this statute.

The second factor is "expression of an intent to be partners in the business." The Letter of Intent from January 2020 clearly satisfies this factor. There is also affidavit and deposition evidence from both Duane and Rachel Smith as to this factor.

The third factor is "participation or right to participate in control of the business." While this factor is heavily contested, Plaintiffs' deposition and affidavit evidence arguably meets this factor if credited.

The fourth factor is "agreement to share or sharing" in either the losses of the business or "liability for claims by third parties against the business." Plaintiffs attempt to address this factor

with evidence of their contribution to a settlement with "a former IAG independent contractor, Mike Alexander." This issue was introduced late in the briefing and is far from fully developed. However, it is not necessary for the Court to evaluate that evidence to rule on this motion.

The fifth factor is "agreement to contribute or contributing money or property to the business." Plaintiffs offer a check signed by Defendant Cox dated April 17, 2017 in the amount of $50,000, with the memo line entry "IAG Buy in." This check was never negotiated and it is contested whether the check itself, or only a copy of it, was actually delivered to Plaintiffs. Duane Smith contends that his contribution of business contacts leading to new assignments should be deemed the contribution of property to the business.

It is clear to the Court that there are many genuine issues of fact in the account described above. It is also not clear that, when this evidence is presented in its full development at trial, a reasonable trier of fact could not find that a partnership existed for all or part of the time period at issue. Accordingly, the motion for summary judgment should be denied.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 29th day of April, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE